**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHAMBERS OF**<br>**STEPHANIE A. GALLAGHER**<br>**UNITED STATES MAGISTRATE JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**(410) 962-7780**<br>**Fax (410) 962-1812** |

March 1, 2013

LETTER TO COUNSEL

      RE:    *Robert B. Green, Sr. v. Commissioner of Social Security*;
                Civil No. SAG-10-2459

Dear Counsel:

      On September 8, 2010, claimant Robert B. Green, Sr. petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 24, 31). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

      Mr. Green filed his claim for benefits on April 16, 2008, alleging disability beginning on March 12, 2008. (Tr. 95-99). His claim was denied initially on June 6, 2008, and on reconsideration on July 30, 2008. (Tr. 54-57, 59-60). After a hearing on May 27, 2009, (Tr. 23-51), an Administrative Law Judge ("the ALJ") issued an opinion denying benefits based on a determination that Mr. Green was not disabled. (Tr. 14-22). The Appeals Council denied Mr. Green's request for review, (Tr. 1-4), so the ALJ's opinion is the final, reviewable decision of the agency.

      The ALJ found that Mr. Green suffered from the severe impairments of cardiomyopathy, obesity, and degenerative disc disease. (Tr. 16). Despite these impairments, the ALJ found that Mr. Green had retained the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 416.967(b) except the claimant is able to stand and walk for six hours in an eight-hour workday and sit for six hours in an eight-hour workday. He has limited ability to push and pull and he can occasionally climb stairs which means less than one third of a workday. The claimant cannot climb ladders, ropes, or scaffolds[,] and he cannot work with dangerous machinery. He is able to adequately understand, remember, and carry out detailed instructions[,] and he can have [sic] occasionally have contact with the general public. The claimant is to avoid concentrated exposure to heat, dust, fumes, gases, and vibration.

(Tr. 17). After considering testimony from a vocational expert ("VE"), the ALJ concluded that Mr. Green could perform work existing in the local and national economy, and that he therefore was not disabled. (Tr. 20-21).

Mr. Green makes two primary arguments in support of his appeal: that the ALJ failed to afford adequate weight to the opinion of Dr. Sajadi, and that the ALJ failed to evaluate his credibility appropriately, including consideration of all of his medical evidence. I agree that the ALJ failed to evaluate the medical evidence of an electromyography test ("EMG") on January 23, 2009, which indicated both acute and chronic denervation warranting surgery. Remand is therefore required.

Mr. Green's first argument, regarding the assignment of weight to Dr. Sajadi, is unpersuasive. The regulations provide for weight to be afforded to a doctor's opinion commensurate with that doctor's familiarity with the patient. "When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the source's opinion more weight than we would give it if it were from a nontreating source." 20 CFR § 404.1527(c)(2)(i). Dr. Sajadi ordered testing in March, 2008, and performed a consultative examination in May, 2008. He rendered his opinion following the May examination. (Tr. 219-21). His opinion, which appears to be based on a single examination, cannot be said to present a "longitudinal picture" of Mr. Green's impairment. Moreover, the ALJ clearly indicated that, in her view, Dr. Sajadi's suggested restrictions were unsupported by Mr. Green's "objective physical findings and diagnostic studies." (Tr. 20). In general, the ALJ's opinion may have been sufficient on this point, because the record indicates substantial medical improvement as to Mr. Green's cardiac condition. However, because the case is to be remanded on other grounds, the ALJ should provide additional detail specifying the precise medical evidence supporting her opinion.

Mr. Green's second argument establishes cause for remand. In evaluating Mr. Green's credibility regarding the pain and limitation caused by his back issues, the ALJ stated

> He had degenerative disc disease on MRI with only contact with the S1 nerve root[,] and he had normal muscle strength on examination. The claimant did not have neurological deficits[,] and no examination showed muscle spasms on physical examination.

(Tr. 20). In making that assessment, the ALJ made no reference to an electromyography (EMG) conducted in January, 2009, which had the following results:

> Evidence of acute denervation was seen in multiple limb muscles of both lower extremeties as well as in the right L5 paraspinal muscles, consistent with an active lumbar polyradiculopathy (L5-S1). Evidence of chronic denervation was seen in the right biceps femoris and left S1 paraspinal muscles consistent with the long-standing nature of the problem. Agree with considerations for surgical

Case 1:10-cv-02459-SAG   Document 32   Filed 03/01/13   Page 3 of 3
*Robert B. Green, Sr. v. Commissioner of Social Security*
Civil No. SAG-10-2459
March 1, 2013
Page 3

intervention at this time.

(Tr. 635). The following month, in February, 2009, Mr. Green's treating physician, Dr. Santos-Tecson, noted that Mr. Green had significant restriction in his daily activities due to his "significant back problem." (Tr. 624).

While the ALJ cited other evidence to support her credibility determination, she failed to assess the EMG and the follow-up appointment with Dr. Santos-Tecson as it related to Mr. Green's claims of debilitating back pain. Elsewhere in the opinion, the ALJ cites to the results of a nerve conduction study reported on the same page as the negative EMG test result, but nowhere does she indicate the EMG was factored into the credibility calculation. I cannot therefore find that the ALJ's failure to consider that evidence is harmless error. Remand is appropriate to allow adequate consideration of the entire medical record. In so finding, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Green was not entitled to benefits was correct or incorrect.

For the reasons set forth herein, Mr. Green's motion for summary judgment (ECF No. 24) and Defendant's motion for summary judgment (ECF No. 31) will be DENIED. The ALJ's opinion will be VACATED, and the case will be REMANDED for further proceedings. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge